[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15923
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00845-CV-J-TEM

NORTH POINT TRAWLERS, INC.,
as owner and operator of the
F/V Band of Gold,

Plaintiff-Counter-
Defendant-Appellee,

versus

ERVIN SONNY STREATER,

Defendant-Counter-
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 28, 2006)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Ervin Sonny Streater appeals the district court's judgment, after a bench trial, in favor of North Point Trawlers, Inc. (NPT). NPT filed a declaratory judgment action concerning the duty of NPT to pay Streater maintenance and cure benefits as a result of a September 29, 2002, accident. Streater, in turn, filed a counterclaim seeking damages of maintenance and cure benefits.[1] On appeal, Streater asserts the district court erred in (1) finding NPT had no duty to pay maintenance and cure benefits to Streater, and (2) failing to require a written agreement between NPT and Streater, pursuant to 46 U.S.C. § 10601.

As to the first issue, we conclude Streater was not answerable to the call of duty at the time of the accident, and affirm for the reasons stated in the district court's well-reasoned order of September 29, 2005. As to the second issue, the district court did not address this issue in its order because Streater did not raise it until filing Proposed Conclusions of Law after the bench trial. This was too late to raise a new legal issue for the first time. *See MCA Television Ltd. v. Feltner*, 89 F.3d 766, 771 (11th Cir. 1996) (stating when a legal issue was raised for the first time in closing argument, "the time to raise this issue was in the issue of law section of the pretrial stipulation, or, at the very latest, during his case at trial").

---

[1] The Veterans Administration (VA) intervened in the action, seeking reimbursement of $132,508.52 as total medical benefits made payable to Streater. The VA is not participating in this appeal.

Streater failed to timely raise this issue in the district court, and he cannot now raise it here.  *See id.*

AFFIRMED.